**Juanita EVERS; Dottie Dobbelstein; Lois H. Holmes; Frances Simmons; Bill Webb; Betty Webb; Elgie Bryan, Appellants,**

v.

**Raymond TART, in his Official Capacity as a Member of Garland County Election Commission; W.T. Davis, in his Official Capacity as a Member of the Garland County Election Commission; Doris Both, in her Official Capacity as a Member of the Garland County Election Commission; Bud Williams, Individually and as a Garland County Judge, Appellees.**

No. 94–2528.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 13, 1995.

Decided Feb. 22, 1995.

**320**

A. Byrum Hurst, Jr., for appellant.

Ralph C. Ohm, for appellee.

Before RICHARD SHEPPARD ARNOLD, Chief Judge, ROSS, Senior Circuit Judge, and MURPHY, Circuit Judge.

ROSS, Senior Circuit Judge.

Appellants, who are election poll workers, appeal from the district court ruling that, as volunteers, they do not qualify for minimum wages under the Fair Labor Standards Act. 29 U.S.C. §§ 201–219. Based on the following discussion, we affirm.

The Fair Labor Standards Act (FLSA or "the Act") sets the minimum wage, overtime pay, equal pay and child labor standards for employees who are covered by the Act. An individual defined as an "employee" within the meaning of the Act must be compensated according to the Act's mandatory minimum wage provisions. 29 U.S.C. § 206. The Act provides, however, that an individual performing volunteer services for units of state and local governments will not be regarded as an "employee" for the purpose of entitlement to benefits under the FLSA:

> The term "employee" does not include any individual who volunteers to perform services for a public agency which is a State, a political subdivision of a State, or an interstate governmental agency, if
>
> > (i) the individual receives no compensation or is paid expenses, reasonable benefits, or a nominal fee to perform the services for which the individual volunteered; and
> >
> > (ii) such services are not the same type of services which the individual is employed to perform for such public agency.

29 U.S.C. § 203(e)(4)(A). The regulations define "volunteer" as:

> An individual who performs hours of service for a public agency for civic, charitable, or humanitarian reasons, without promise, expectation or receipt of compensation for services rendered, is considered to be a volunteer during such hours.
>
> .   .   .   .   .
>
> Individuals shall be considered volunteers only where their services are offered freely and without pressure or coercion, direct or implied, from an employer.

29 C.F.R. § 553.101(a), (c). Further, "[v]olunteers may be paid expenses, reasonable benefits, a nominal fee, or any combination thereof, for their service without losing their status as volunteers." 29 C.F.R. § 553.106(a).

Here, the facts show that appellant poll workers received the sum of $35.00 per day for service as election clerks and $50.00 per day for service as election judges. Election judges, in addition to the $50.00, receive $.25 per mile for travel reimbursement. Appellants have worked from as few as no days during the year to eight days during the year, depending on the number of elections

held in a given year. Poll workers do not apply for their jobs, nor do they receive vacation or sick leave benefits, or other benefits normally given to county employees.

Based on the foregoing, we conclude that the appellants are "volunteers" within the meaning of the FLSA, and therefore, are exempt from the minimum wage provisions of the Act. The judgment of the district court is affirmed.